## McCarty & Allison *vs.* Hudsons.

Where a plaintiff in *replevin*, to an *avowry for rent*, pleads a *tortious iviction* by the landlord, such plea is not sustained by proof that the landlord entered by virtue of *summary proceedings* under the landlord and tenant act for the non-payment of the. rent.

Although such *entry* be found by a *special verdict*, the tenant is not entitled to judgment in an action of replevin brought for goods subsequently taken as a distress for rent, where he pleads a *tortious eviction;* to enable him to avail himself of such entry in bar of a distress for rent, he should *specially plead* the resort of the landlord to the other remedy. On the contrary, the landlord under such verdict is entitled to judgment *non obstante veredicto.*

A fact found by a *special verdict*, which would be a bar to a recovery, or defeat a defence if properly pleaded, will not be regarded by the court in rendering judgment; the court can look only at such facts as properly arise under the issues joined.

Error from the New-York C. P. The plaintiffs below, W. H. & R. E. Hudson, brought *replevin* against McCarty and Allison for taking certain goods and chattels. The defendants pleaded : 1. *Non-cepit ;* and 2. Put in an *avowry* and *cognizance*, justifying the taking of the goods under a warrant of distress for $278, a quarter's rent *due 1st February*, 1837, under a demise of certain premises from McCarty *to the   [ *292 ] plaintiffs. The plaintiffs pleaded : 1. No rent in arrear ; 2. That after the demise, to wit, on or about the 3*d March*, 1837, McCarty, *with force and arms*, &c., entered the demised premises and *evicted* the plaintiffs ; and 3. That at the time of the making of the demise, *Robert E. Hudson*, one of the plaintiffs in this suit, was an *infant*, within the age of 21 years. The defendants replied, taking issue upon the plea of no rent in arrear ; 2. They denied that *with force and arms* they entered the demised premises and evicted the plaintiffs ; and 3. That before the commencement of this suit, to wit, on, &c. *Robert E. Hudson* attained the age of 21 ; and afterwards, to wit, on, &c. *ratified*, &c. To this last replication *Robert E. Hudson* rejoined, denying the *ratification* of the claim for rent. Upon the issues joined upon those pleadings, the parties went to trial, and the jury found a *special verdict* that the rent claimed by the defendants below was and is due and in arrear ; that *Robert E. Hudson* did *ratify* the claim for rent in manner and form, &c. that on the 8th May, 1837, McCarty did, *with force and arms*, &c. enter in and upon the demised premises and *evict* the plaintiffs, under and in pursuance of *summary proceedings* had under the landlord and tenant act for the non-payment of rent due on the first day of *November*, 1836, and on the first day of *February*, 1837 ; and on the 29th May, 1837, took the goods in the declaration mentioned as a distress for rent, and if, &c. they find for the plaintiffs six cents damages and six cents costs. They also assessed the *value* of the goods at $500. Upon this verdict the C. P. rendered judgment for the *plaintiffs*. The defendants sued out a writ of error.

Utica, July, 1840.—McCarty & Allison v. Hudsons.

*C. O' Connor*, for the plaintiffs in error.

*T. Phoenix & J. A. Morrill*, for the defendants in error.

*By the Court*, NELSON, Ch. J.   It is insisted by the counsel for the plaintiffs in error that the facts found by the special verdict do [ *293 ] not support the issue, setting up a wrongful *eviction by the lessor, and that as all the other issues were expressly found for the defendants, judgment should have passed in their favor.

The plea undoubtedly sets up a tortious or wrongful entry and expulsion, and must be regarded in that light.   It avers that the lessor, *with force and arms*, &c. entered in and upon the demised premises, and expelled and removed the lessees.   In this respect it is in the usual form of pleas of this character.   2 *Chitty*, 486 *and* 633.   1 *Saund*. 204, *n*. 2.   *Salmon* v. *Smith, Asht. Ent.* 411.   4 *Cowen*, 584.   *Sutherland, J.*   The fact also, if properly pleaded, constituted a perfect bar to the action, as the precedents of pleas above referred to show.

But the special verdict entirely fails to substantiate the plea.   It shows a *lawful entry*, and possession by reason of the forfeiture of the lease, instead of an *unauthorized* forcible expulsion.   The principle, therefore, upon which the defence was placed by the pleadings, totally failed.

The plea itself was defective, and should have been demurred to.   The wrongful entry and eviction, to constitute a bar, must have taken place *before* the rent claimed, fell due.   Such is the form of the precedents, and the averment is material.   1 *Saund*. 204, *n*. 2.   *Comyns' Land. and Ten.* 524.   4 *Cowen*, 585.

It, is, however, insisted that the facts contained in the special verdict constitute an answer to the avowry upon another ground : namely, that the removal of the tenants under the landlord's act, 2 *R. S.* 422, § 28, &c. for non-payment of rent due 1st February, operated as *a waiver of the remedy by distress*.   Admitting this to be so, it is not the question presented upon the record, and that is a sufficient answer.   The special verdict must be examined with reference to the issues which the jury are empanelled to try ; and the question is not, whether the facts found *may* not constitute a ground of defence if properly before the court, but whether or not, upon the whole record, the particular defence set up has been established.   To that we respond, in this case, that it has not been established ; that the [ *294 ] facts *fail to maintain it in judgment of law.   The plaintiffs should have pleaded, specially, the resort to the remedy which it is contended waives the right of distress.

Judgment reversed : *venire de novo* from the C. P.