By the Court. Oakley, Ch. J.
Upon reflection I concur with, my brethren, that, under the pleadings in this case, proof of the payment of the note ought not to have been received, and that I had no power, under § 169, or any other section, of the Code, either to amend the answer, so as to warrant the admission of the proof, or to treat the variance, which it created, as immaterial. It is true, that the language of § 169 is broad enough to embrace every possible discrepancy, between the proof and the pleadings, so as to make it the duty of the court, upon a trial, either to amend the pleading, or disregard the variance, in every case, , in which it is not proved, to its satisfaction, that the adverse party was actually misled, to his prejudice,.in maintaining his action or defence. But the general words of this section, and of section 170, are controlled and limited by those of § 171, which declare, that, where the cause of action, or defence, is unproved, “in its entire scope and meaning,” it shall not be deemed a case of variance, within the sections immediately preceding, but a failure of proof; and it is scarcely necessary to add, that such a failure, in all cases, entitles the adverse party to a verdict or judgment. Li the case before us, not only were the defences, in the answer, “unproved, in their entire scope and meaning,” but they were actually disproved, even by the witnesses for the defendants; and not only was the defence, of which proof was received, entirely new and distinct, but it was directly inconsistent with those which the answer alleged. This case is, therefore, much stronger than that of Catlin v. Hanson, (1 Duer, 297,) in which Mr. J. Bosworth held, with the concurrence of his brethren, that, where the defence set up, in the answer, is unproved, “in its entire scope and meaning,” the court, at the trial, has no power, under sections 169 and 170 of the Code, either to direct the pleading to be amended, or the fact to be found according to the evidence. It follows, that there was no evidence before the jury, in this case, upon which they could legally found a verdict for the defendants, and that, upon the only proof legally before them, the plaintiff was entitled to recover.
The cases cited by the counsel for the defendants, as they were decided before the Code, are wholly inapplicable. It is not to be denied, that under the old system of pleading, in an action like the present, the defendant, under the general issue, might give in *392 evidence any matter, as a "bar to a recovery, which tended to show that the plaintiff had no subsisting cause of action when he commenced the suit; and this rule, undoubtedly, embraced proof of payment. (1 Chitty on Plead. 472; Welt v. Ogden, 13 John. 58; Bird v. Caritat, 2 John. 346.) But the Code, by requiring that an answer, in addition to a general or specific denial of the allegations in the complaint, when such a denial is made, shall .state any new matter constituting a defence, when such a defence is meant to be relied on, has effectually abolished the general issue, as formerly understood; and that payment is, in its nature, as truly a matter of defence, as a release, or accord and satisfaction, or duress or fraud, we cannot doubt. Even before the Code, it might always be specially pleaded; under the Code, it must be. (Code, § 149; Kearslake v. Morgan, 5 Term R. 512; 2 John, ut supra.) The only effect of a general or specific denial in an answer of the material allegations of the complaint now is to cast the burden of proof upon the plaintiff, but where the necessary proof is given, if the answer contains nothing more than-such a denial, the plaintiff is at once, and as a matter of course, entitled to a verdict or judgment.
We do not think that the answer in this case contains any denial of any material allegation in the complaint, and as it has, therefore, no resemblance to a general issue, the remarks that I have just made may seem to be unnecessary; but they may not be without use in correcting some misapprehensions, which, notwithstanding the plain language of the Code, apparently still linger in the minds of many of the profession.
The judgment for the defendants is reversed, and there must be a new trial, with costs, to abide the event.