Selden, J.
It having been settled in the case of Mabbet v. White (2 Kern., 442), that a single partner has power, in the absence of fraud, notwithstanding the dissent of his co-partner, to transfer all the property of the copartnership in payment of one or more debts of such copartnership, I see no ground upon which the defence in this case can be sustained. The question of fraud, either against the copartner, or against creditors, was not available to the defendant under his answer. He merely denied the plaintiff’s title to the goods, and his own taking and conversion, or detention of them, without claiming any rights himself either as purchaser or creditor. As a stranger, he could not question the validity of a transaction between other parties on the ground of fraud. That objection is available only to parties and privies. (Jackson v. Eaton, 20 John., 478.) The defendant does not, by his pleading, show himself to be either creditor or purchaser, and for that reason the evidence which he offered, of a title derived from Wagner and Graser, was properly rejected. (14 Barb., 541; 20 id., 473; 3 Comst., 510; 5 Duer, 392.)
The delivery of the goods by William Wagner to the defendant was proved without objection, and if that evidence is available, notwithstanding the defect in the pleadings, to show such a privity between the defendant and the copartnership as to entitle him to insist that the sale to the plaintiff was fraudulent, which is at least doubtful (24 Wend., 291; 2 Comst., 361, 506), it will not aid the defendant here, for the reason that he did not ask to have the question of fraud submitted to
*318 the jury. (Plumb v. Cattaraugus County Ins. Co., 18 N. Y., 392; Winchell v. Hicks, id., 558.) no such distinction in this respect, as that contended for by the defendant’s counsel, between questions of fraud in general and those in regard to fraudulent conveyances, which are made by statute questions of fact for the jury “ in all cases,” has ever been made, and I should not think it wise to adopt it, if the case required a decision upon that point. That question, however, is not presented, as the defendant has not in his answer claimed any interest in the goods as creditor; and the plaintiff’s proof, if that were available to him without pleading, only shows him to be a creditor at large, and as such he could not dispute the validity of the transfer to the plaintiff oh the ground that it was designed to defraud creditors. (Andrews v. Durant, 18 N. Y., 496.)
The case of Mabbett v. White (supra), shows that the sale made by Graser to the plaintiff, its good faith not being denied, was valid. In that casé, the sale was made to a creditor of the copartnership, but he was' not a creditor to the full value of his purchase. For upwards of $1,700 he gave his note, which was turned out by the partner making the sale to another creditor. • The engagement of the'plaintiff in this case to pay the debt of the firm to Stellwagen, was equivalent to giving his note for that purpose, and I see no material distinction, therefore, between this and the former case. The principle having been settled that one partner may transfer the entire assets of a copartnership in payment of a part of its debts, or to provide means for their payment, without the consent and in face of the protest of -his copartner, it would be unwise and lead to great confusion if nice distinctions should be introduced in regard to the particular manner in which it should be done, where no question of good or bad faith is involved.
The judgment should be affirmed.
Denio, Ch. J., Davies, Wright and Gould, Js., concurred.