## RANSOM and WHITE *vs.* WETMORE.

Where, in an action for a *tort* in wrongfully taking and converting the plaintiff's property, there is an entire failure of proof that the taking was wrongful or tortious, or that there was any fraudulent intent, the plaintiff should be nonsuited. He cannot, at the close of the case, waive the *tort* and recover as upon a *contract.*

An amendment which will change the form and nature of the action from tort to assumpsit cannot be asked for after the whole case is finished.

A defendant is not obliged, in that stage of the case, to assent to so important and material a change, or by failing to do so, to waive his rights already acquired by a motion for a nonsuit. His refusal to assent to such an amendment cannot be regarded as in any way affecting the question presented on the motion for a nonsuit.

THIS action was commenced in a justice's court, before Erastus T. Peck, Esq. a justice of the peace of Durham in the county of Greene, by the appellants, to recover against the respondent, for the alleged wrongful taking and conversion of fifteen sheep. The defendant denied the complaint, and also set up as special matter that he was the owner of the sheep; that they were in the plaintiffs' flock; that the plaintiffs consented and allowed the defendant to sort and pick them out, and that thereupon he took the same and drove them away, &c. The trial of the cause was commenced before said justice and a jury, January 30, 1860, and a verdict was rendered for the plaintiffs, for $24 damages, February 1, 1860, on which judgment was rendered by the justice. The defendant appealed to the Greene county court, where the judgment was reversed, and judgment entered for the defendant for costs; and the plaintiffs appealed to this court.

On the trial before the justice, after the plaintiffs had rested, the defendant's counsel moved for a nonsuit and a dismissal of the proceedings, on the following grounds:

"1. That the plaintiffs have not made out a cause of action against the defendant. 2. That the plaintiffs have failed to prove sufficient to substantiate their complaint. 3. That the action is brought to recover the value of fifteen sheep which

Ransom *v.* Wetmore.

the plaintiffs claim the defendant wrongfully took and converted to his own use; that there is no proof that the defendant ever converted said sheep to his own use; and if he did, and the proof establishes that fact, then it was done by the permission of the plaintiffs or one of them; that the proof shows that the sheep in question were taken by the defendant by and through the permission of one of the plaintiffs; that the only action the plaintiffs have against the defendant, if any, is for the value of the sheep in an action on contract, and should have been brought in an action of assumpsit, and not for a wrongful taking and converting—there being no demand for the property by the plaintiffs of the defendant proved; and the proof shows that the property or sheep were taken by the permission of the plaintiffs or one of them. The motion was resisted by the plaintiffs, who demanded the cause to be submitted to the jury. The motion for a nonsuit was denied, and the defendant's counsel excepted.

At the close of the testimony the plaintiffs' counsel moved to amend the complaint, so as to change the action from *tort* to *assumpsit*, which was objected to by the defendant's counsel, and the motion was denied.

The defendant also, before the county judge, alleged error in fact of improper conduct by the plaintiffs to influence the jury, and affidavits were read and used on both sides on the argument. The county judge, however, reversed the judgment, and the plaintiffs appealed to the supreme court.

*A. M. Osborne,* for the plaintiffs and appellants.

*D. K. Olney,* for the defendant and respondent.

*By the Court,* MILLER, J. I think the justice erred in denying the motion for a nonsuit. The action sounded in tort, and was for the wrongful taking and conversion of the plaintiffs' sheep by the defendant. It appeared upon the trial, from the uncontradicted evidence in the case, that the

defendant, claiming to have lost some of his sheep, called upon the plaintiffs and with their assent examined their flock for the purpose of ascertaining whether the defendant's sheep were among them. The defendant, with the consent and permission of the plaintiffs, took the sheep which he supposed to be his. He promised to make it right if they turned out not to be his sheep, and the plaintiffs told him if their sheep fell short he must make it right. Neither party appeared to be very confident as to the ownership of some, of the sheep, and they were taken and surrendered under the impression of both that they belonged to the defendant. One of the plaintiffs afterwards called upon the defendant to pay for the sheep, which the plaintiffs afterwards claimed belonged to them. So far then as the original taking is concerned, there is an entire failure to show that it was wrongful or tortious. Nor do I think that there was any evidence that there was fraud and deception practiced by the defendant in obtaining the sheep. I have examined the testimony bearing on this point with some care, and it appears to me that it is too remote and uncertain to establish any such hypothesis. It does not show or tend to show that the defendant knew at the time he received the sheep that they were not his, and that he took them with knowledge that they were not. There is no evidence of a fraudulent intent on his part. The plaintiffs at the close of the case waived the tort and abandoned all claim to recover on that ground, and thus conceded that there was no fraud. As the case stood, the justice should have nonsuited the plaintiffs, and the action could not be maintained, within the principle laid down in several adjudicated cases. (*Walter* v. *Bennett*, 16 *N. Y. Rep.* 250. *The Mayor &c.* v. *The Parker Vein Steam Ship Co.*, 21 *How. Pr. Rep.* 289. *Texier* v. *Gouin*, 5 *Duer*, 389.)

It is insisted, however, by the plaintiffs, that the plaintiffs having, after the testimony was closed, asked leave to amend and change the form of the action to one of assumpsit, and the defendant having objected to it and the justice sustained

Ransom *v.* Wetmore.

the objection, the defendant was not prejudiced, and he thereby waived all advantage he was entitled to by reason of his motion for a nonsuit and the refusal of the justice to grant it. It is perhaps questionable whether the justice erred in refusing to allow the amendment proposed. *(See* 16 *N. Y. Rep.* 250, *and* 5 *Duer,* 389, *before cited.*)   But whether he did commit an error or not is not a subject of review in this case. The proposed amendment would have entirely changed the form and nature of the action from tort to assumpsit. It was asked after the whole case was finished, and the defendant had been compelled to litigate an entirely different cause of action.   Had it been asked when the motion for a nonsuit was made, upon the ground of variance, it would have materially altered the case, and the defendant could have been prepared to some extent to meet this entire change of the plaintiffs' claim.   Even if the variance was of such a nature as to be amendable, I know of no rule of law which would compel the defendant in that stage of the case to assent to this important and material change, or by failing to do so to waive his rights already acquired by his motion for a nonsuit. The effect of the amendment would be to compel the defendant to try the whole case over again, and I think his refusal to assent to it cannot be regarded as in any way affecting the question presented on the motion for a nonsuit.

The conclusion to which I have arrived upon the points already discussed renders it unnecessary to examine the other question raised by the defendant.

The judgment of the county court should be affirmed with costs.

[ALBANY GENERAL TERM, December 1, 1862. *Hogeboom, Peckham* and *Miller,* Justices.]