## HICKS *vs.* CLEVELAND.

Goods were sold by G. to B. in New York, to be paid for on delivery at Milwaukee by B.'s acceptance of two drafts for the price, to be drawn on him by G. Before the property reached Milwaukee B. left that place, after instructing his agent to inform G. that he would not receive the same, and to return it to G. if it should arrive. The property reached Milwaukee, and drafts being drawn on B. for the price, they were returned without acceptance. *Held* that no title to the property vested in B., and that he had no interest therein which was subject to levy and sale on execution against him.

*Held,* also, that a sale of the goods by B. to another did not carry a right of action for a previous conversion ; and that the purchaser could not maintain trover against the sheriff, without a demand.

THIS is an action of trover, brought by the plaintiff as assignee of one William C. Gardiner, to recover the value

of a quantity of furniture, alleged to have been converted by the defendant in January, 1855. The defendant set up in his answer that the property in question belonged to Levi Blossom, and that he sold it under a judgment recovered by him against said Blossom, as he lawfully might. Blossom was a witness for the plaintiff, and swore that the property in question, which consisted of household furniture, was ordered by him from William C. Gardiner, of Beekman street, in New York, in July or August, 1854. That he, Blossom, then resided in Milwaukee; that the property was to be delivered to him at Milwaukee, and that he was to pay for it by bills at six months; that he did not receive the property; that he left the state before the property arrived. Before leaving he directed Mr. Charles K. Watkins to inform Mr. Gardiner that he would not receive the property, and to return the same to Gardiner when it should arrive; that he never gave any acceptances for said property, and was not at Milwaukee when the property arrived. Gardiner swore that the goods were to be boxed and sent to Milwaukee, to Blossom, to the care of James P. Williams, and *Blossom was to give his acceptance for the amount on delivery, payable in six months.* That he drew two drafts for the amount of the goods, and sent them to Blossom for acceptance, and *they were returned unaccepted in a few days after he sent them.* On the 27th of November, 1854, he learned that Blossom had left Milwaukee for California; that he wrote to Watkins to take possession of all the furniture, and to hold it as his property until further orders. This letter was written immediately on learning that Blossom had left Milwaukee. The defendant excepted to the reading of this letter, on the ground that the original was not produced. The claim was assigned by Gardiner to the plaintiff Hicks, in January, 1855, by an instrument in these words:

"This is to certify that I have, this eighteenth day of January, 1855, for and in consideration of one hundred dollars, assigned, sold and delivered into the hands of John S.

Hicks, of the city and county of New York, my account against Levi Blossom, formerly of the city of Milwaukee, for the purchase of a large bill of cabinet furniture, amounting to $1028.50, and said furniture itself; which lot of furniture has been seized by the sheriff of that county for the debts of the said Levi Blossom and sold for the benefit of certain of his creditors, It is further understood and agreed that the said Hicks is to assume the responsibility and expense of suit for the collection, if possible, of said claim, and appropriate the proceeds, if any, to his use and benefit."

The plaintiff did not prove any demand of the property after the assignment to him. The defendant's counsel moved to dismiss the complaint, which was denied, and exception taken. The defendant made due proof of the judgment in his favor against Blossom, and of the sale of the property by execution under it. The defendant's counsel asked the court to charge, *First.* That, inasmuch as there was no assignment by Gardiner to the plaintiff of any damages which he had sustained, by reason of any conversion of the property in question, the plaintiff cannot recover. The court refused so to charge, and the defendant's counsel excepted. *Second.* That the assignment of the account against Blossom, and of the furniture, did not carry with it the right to recover in the present action. The court refused so to charge, and the defendant's counsel excepted. *Third.* That the terms of the assignment in question were a ratification of the sale of the goods to Blossom. The court refused so to charge, and the defendant's counsel excepted. A verdict was rendered for the plaintiff, subject to the opinion of the general term, on a case to be made.

*A. Spaulding,* for the plaintiff.

*Wm. Fullerton,* for the defendant.

*By the Court,* MULLIN, J. The furniture in controversy in this suit was sold by Gardiner to Blossom for $1028.50,

to be paid for on delivery of the property at Milwaukee by accepting two drafts for that amount, to be drawn by Gardiner on him. After the agreement was made, and before the property arrived at Milwaukee, Blossom left Wisconsin, and instructed one Watkins to inform Gardiner that he would not receive the property, and to return the same to Gardiner if it should arrive. The property did arrive at Milwaukee, and the drafts were returned without acceptance.

Under these circumstances, it is quite clear no title ever vested in Blossom. He did not perform his contract, to entitle him to possession, and he expressly refused to accept the goods before their arrival, and directed a return thereof. Blossom had no interest in the goods subject to levy and sale on execution against him. The sheriff and all others intermeddling with the property were wrongdoers.

The goods being directed to Blossom, and no one asserting title to the furniture, the sheriff came lawfully into possession of it. A demand was therefore necessary to entitle Gardiner to maintain an action for the conversion. When he sold to the plaintiff he had, at his election, the right to follow the goods, or to sue for damages for the illegal conversion. He had the right to sell either or both of these claims, and the purchaser of the latter might sue without any new demand. But the purchaser of the property could not bring trover without a demand. This was the point determined by the general term, when this case was before it after the first trial of this cause.

The sale of the goods did not carry a right of action for a previous conversion.

The transfer to the plaintiff was, 1st. The account; and 2d. The furniture. Under neither did the plaintiff acquire the right of action for the conversion.

It was held in *Waldron* v. *Willard*, (17 *N. Y. Rep.* 466,) that an assignment by a consignor of all his interest in the goods, transferred to his vendee a right of action against the common carrier, for non-delivery under his contract. The

only interest left to the consignor in that case was this right of action; and as it was the intent of the parties that the interest of the consignor, whatever it was, in the property, should pass, the right of action, being all the interest he had, must be held to pass, or the contract was a mere nullity. The principle does not help the plaintiff in this case. Gardiner had a right of action, which his contract does not convey, and the plaintiff has not perfected his right by a demand.

I am therefore of the opinion that the judgment must be reversed, and a new trial granted; costs to abide the event.

Judgment accordingly.