MORGAN L. BIRDSALL, Respondent, v. PHILANDER S. FULLER, EMORY S. PARDEE and DANIEL PARDEE, Appellants.

*Action for false imprisonment — relationship between judge and party.*

The firm of P. & C. having assigned to the defendant Fuller an account for goods sold and delivered to the plaintiff, Fuller commenced an action before a justice of the peace against this plaintiff, Birdsall, to recover the same. Issue was joined, and the hearing adjourned. Upon the adjourned day Birdsall did not appear. Fuller applied and obtained leave to amend his complaint by alleging that the goods were obtained tortiously, obtained a judgment and issued an execution thereon, under which plaintiff was arrested.

Plaintiff brought this action for false imprisonment against Fuller, the justice, and P., alleging that P. was a brother of the justice, and was interested in the claim. *Held,*

That even though the justice were ignorant of the fact that his brother was interested in the claim, yet, as he was so in fact, the judgment was void and the justice liable.

That the justice had no authority to issue an execution directing the arrest of plaintiff, as the only claim Fuller had was upon an account, and if P. & C. had any right of action for any tort connected with the sale of the goods, they had not assigned it to Fuller.

That the justice was guilty of a gross abuse of discretion in allowing the amendment to the complaint.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*R. H. Tyler*, for the appellants.

*Kennedy & Tracy*, for the respondent.

Mullin, P. J.:

In September, 1872, the defendant Fuller commenced an action before the defendant E. S. Pardee, a justice of the peace of the county of Oswego, against the plaintiff Birdsall, by service of summons. On the return day of the summons, the parties appeared and Fuller complained against Birdsall for goods sold and delivered to Birdsall by Pardee and Chamberlain, the claim for which was by

them assigned to Fuller, and claimed judgment for fifty dollars and eighty-three cents.

Birdsall denied the complaint and by consent the trial was adjourned till the eighth of November, at one P. M.

On the adjourned day Fuller, the plaintiff in the suit, appeared, but Birdsall did not appear, as the justice's minutes of the trial show.

Before proceeding to give evidence on the adjourned day, Fuller applied to the justice for leave to amend his complaint, by alleging therein, that the goods mentioned in the complaint were obtained by said Birdsall from Pardee and Chamberlain fraudulently and tortiously.

Daniel Pardee, one of the defendants, was then sworn as a witness on the part of Fuller. Judgment was rendered by the justice in favor of Fuller and against Birdsall, for the sum of fifty dollars and eighty-three cents and the costs of the action.

Subsequently an execution was issued on the judgment by the justice, whereby the constable was commanded to collect the amount thereof of the goods and chattels of the defendant therein, and in default of goods and chattels to take his body and commit him to the jail of said county, to be there detained until discharged according to law.

Birdsall was arrested on the execution and for want of property to satisfy the same committed to the jail, and there detained for some thirty days.

After Birdsall's discharge from imprisonment he commenced this action for damages for falsely imprisoning him, against Fuller, the plaintiff in the action before the justice, against the justice who issued the execution, and Daniel Pardee one of the assignors of the claim, on which the action before the justice was brought, on the ground that he was a brother of the justice and interested in the cause of action.

The defendants justified the arrest and imprisonment of Birdsall, under the judgment rendered by and before Justice Pardee above mentioned and the execution issued therein.

On the trial of said action the plaintiff put in evidence the docket of the justice showing the proceedings in the action, the rendition of the judgment and execution against the body of said Birdsall. The docket says the complaint was for goods sold and assigned by

Pardee and Chamberlain, and that the amendment was as follows, to wit: "Plaintiff amended his complaint and alleges that the goods in said complaint were obtained tortiously."

The justice was examined as a witness on the trial and testified that his best recollection was that the assignment of the account sued on before him was in writing, signed by Chamberlain, and it was produced before him. Chamberlain, one of the vendors of the property, testified that his firm had an account against Birdsall for goods sold and delivered. The only recollection he had of the transfer of the account to Fuller, is some offer being made for the account by Fuller; he took the account and had an assignment written upon it and gave it to Fuller. The account was a bill of items of the goods sold and their dates and the assignment was of that account. It was proved that Daniel Pardee had said he had an interest in the account sued before his brother, and that he directed the arrest and imprisonment of Birdsall. A copy of the evidence given on the trial before Pardee by Daniel Pardee was produced, and he testified that Birdsall came to him to get credit and said he had arrangements to get glass of Caswell at Cleveland and would furnish glass to pay for the goods. On the strength of that, they gave credit of fifty dollars and eighty-three cents. He had no such arrangement.

It was also proved on the trial of this action that the judgment, some four years after its rendition, was sued over before another justice, and judgment recovered for the amount then due thereon and costs. No suggestion was made on the trial that either of the defendants was entitled to be separately discharged. It would seem to have been concluded that if any were liable, all were.

But if such a question could now be raised, it would not avail either of the defendants.

Fuller is unquestionably liable as the one who set on foot the action before the justice, obtained the execution on which the arrest was made and the plaintiff imprisoned. Daniel Pardee admitted his direction to make the arrest, and no ground for his interference is shown unless it be that he had an interest in the claim and was using his brother to enforce it. The justice, we must presume, was not aware that his brother was interested in the claim in suit before him.

But his ignorance does not aid the judgment rendered by him. It was utterly void whenever and wheresoever the fact of his rela-

tionship to one of the owners of the demand was proved. (1 Wait's L. and P., 78.)

Again, the justice had no authority to issue an execution against the body of the plaintiff. The action commenced before him was upon contract. The claim assigned to Fuller was an account for goods sold, and not a claim for damages for a tort. It is spoken of by all the witnesses as an account. (*Graves* v. *Waite*, 59 N. Y., 156; *Prouty* v. *Swift*, 51 id., 594.)

Fuller was not vested with any interest in a claim for tort, if there was one committed. He obtained the account only. (*Hicks* v. *Cleveland*, 39 Barb., 573; *Battle* v. *Coit*, 26 N. Y., 404.)

The justice was guilty of a gross abuse of the discretion vested in him as to allowing amendments of pleadings, especially after the issue had been joined, and no suggestion made that any tort was imputed to the plaintiff. It was allowed in his absence, and without any notice that any such change of the pleadings was thought of.

It was a fraud on the plaintiff which the court cannot permit to be practiced upon suitors. (*Beard* v. *Yates*, 5 N. Y. S. C. [T. & C.], 76; *Ransom* v. *Wetmore*, 39 Barb., 104.)

At the close of the evidence the court submitted two questions to be answered by the jury with their verdict in the case. The first was, " was Daniel Pardee interested in the suit before E. S. Pardee, justice of the peace?" The second was, " did Daniel Pardee give any instructions or requests to have Birdsall arrested and committed to jail?" Both questions were answered in the affirmative, and they found a verdict in favor of the plaintiff for $275.

The defendants appeal from the judgment entered on the verdict.

The defendants' counsel insists that upon the proof of a judgment recovered upon the one rendered before Pardee, the plaintiff is estopped from questioning the validity of that judgment.

I am unable to discover how the estoppel is made out, and cannot, therefore, give it effect as such.

Judgment must be affirmed.

Present — Mullin, P. J., Talcott and Smith, JJ.

Judgment affirmed.