## MURRAY *v.* JONES.

*(City Court of New York, General Term.* September 29, 1888.)

1. APPEAL-BOND—ACTION ON—REMAND OF REMITTITUR.
    Judgment entered on *remittitur* from the court of appeals remains in force, and an action on the undertaking on appeal lies, notwithstanding a subsequent remand of the *remittitur* to the court of appeals.

2. SAME—MANDATE AND PROCEEDINGS BELOW—JUDGMENT—PRESUMPTION.
    Where a *remittitur* of the court of appeals is dated December 6th, and an order is made making its judgment the judgment of the court below, a transcript of a judgment of the court below docketed December 9th, referring. to the parties and their attorneys, will be presumed to show the judgment on the *remittitur* and order, though it does not expressly refer to the judgment of the court of appeals.
    PITSHKE, J., dissenting.

Appeal from trial term.

This is an action upon an undertaking given by the defendant on an appeal to the court of appeals from a judgment of the supreme court in favor of this plaintiff, Margaureit A. Murray, who was defendant in the supreme court suit against William F. Parks, who was plaintiff therein. The appeal was dismissed in the court of appeals, the *remittitur* returned to the supreme court, and an order was made by Mr. Justice LAWRENCE making the judgment of the court of appeals the judgment of the supreme court. Judgment was thereupon duly entered, and the costs taxed, as appears from the certified transcript thereof, and so found by the trial judge. The *remittitur* was subsequently, by order of the supreme court, remanded to the court of· appeals; but no further action has been taken by the latter court. Defendant moved to dismiss the complaint on the ground that there was no judgment of the supreme court making the judgment of the court of appeals the judgment of the supreme court, dismissing the appeal in the court of appeals in the ac-

tion in which Parks was plaintiff and Murray defendant; and on the further ground that the matter now remains pending undetermined in the court of appeals, and is now of record there. The motion was denied, whereupon defendant duly excepted. Trial by the court, jury having been waived. Defendant appeals.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*Alex. Thain,* for appellant. *George S. Wilkes,* for respondent.

NEHRBAS, J., (*after stating the facts as above.*) The record has not been carefully prepared. The orders of the supreme court should have appeared in full, as they are very material on this appeal. We must therefore consider them properly made in every respect, and as containing every requisite which the statute prescribes; otherwise the appellant would have printed them *in extenso.* This applies specially to the order making the judgment of the court of appeals the judgment of the supreme court. Section 194 of the Code requires that "the judgment or order of the court of appeals must be remitted to the court below, to be enforced according to law." It must therefore be brought formally to the notice of the court below, and be made one of its judgments. It has no other known means of enforcing the judgment of the court of appeals; and until it makes an order to that effect, and the judgment of the court of appeals becomes incorporated in its own records, no proceedings can be brought to enforce the judgment of the appellate court. Merely filing the *remittitur* with the clerk, and his adjustment of the costs therein, is not enough. *Seacord* v. *Morgan,* 17 How. Pr. 394. This seems to me to be the correct practice, and has been uniformly followed.

In the case at bar the *remittitur,* as filed with the clerk of the supreme court, together with the order of Mr. Justice LAWRENCE, making the judgment of the court of appeals the judgment of the supreme court, and a transcript of the judgment as entered thereon by the clerk, (section 1236, Code,) are produced. These are all the steps necessary to be taken in order to enforce the judgment of the court of appeals. The objection that the transcript does not in terms refer to the judgment of the court of appeals is untenable, inasmuch as the *remittitur* is dated December 6, 1887, and the supreme court judgment was docketed on December 9, 1887, and refers to the parties litigant and their attorneys. In the absence of proof to the contrary, it is a fair presumption that the transcript shows the docket of the supreme court judgment on the *remittitur* and supreme court order.

But it is claimed that, the *remittitur* having been remanded to the court of appeals, the appeal in that court is still undetermined. This argument is fallacious; for, until the judgment or order of dismissal is vacated by that court, the supreme court judgment entered thereon remains in full force, and is binding. *Newton* v. *Harris,* 8 Barb. 306. The plaintiff has done all 'she was required to do under the law and the practice, and she is now in a position to enforce the judgment of the court of appeals. Inasmuch as the appellant therein has not paid the costs awarded as taxed, the defendant has become liable therefor on his undertaking. It follows that the trial court properly disposed of this litigation, and the judgment appealed from must be affirmed, with costs. Ordered accordingly.

McGOWN, J., concurs. PITSHKE, J., dissents.

PITSHKE, J., (*dissenting.*) Appeal from judgment for plaintiff against defendant, recovered upon defendant's undertaking given on an appeal from the supreme court to the court of appeals, which appeal was dismissed in the court of appeals, with costs. No *postea* upon the *remittitur,* as filed in the supreme court, was introduced in evidence; but, on the contrary, it appears on the trial that the *remittitur* had been returned to the court of ap-

peals under an order sending it back to the court of appeals, and such *remittitur* record was produced from the clerk's office of the court of appeals by an assistant deputy-clerk thereof. The bill of costs taxed on the dismissal of the appeal was no part of a judgment roll. On the trial there was not shown any actual judgment granting to this plaintiff a "recovery" in the original case, as remitted to the court below, of the amount of the costs taxed; but only a transcript of a "docket" of an alleged judgment was adduced. No "roll" was produced from the supreme court. The *remittitur* in evidence came, not from the latter court, but from the files of the court of appeals, demonstrating that the "roll," (in fact then belonging to an order returning it to the appellate court,) so far as in existence, was again and yet in and a record of the court of appeals, and hence utterly out of the supreme court at the time of the trial herein. In short, when produced and offered, it was not a record of the supreme court, but was removed therefrom for rehearing in the appellate court. *Wilmerdings* v. *Fowler*, 15 Abb. Pr. N. S. 86; *Salmon* v. *Gedney*, 75 N. Y. 483. To give proof of a judgment obtained, the "roll," or exemplification or sworn copy thereof, must be put in evidence, and its filing and location in the proper place also proven. The "docket entry" is not legal evidence of the existence of such judgment. *Baker* v. *Kingsland*, 10 Paige, 366; *Lansing* v. *Russell*, 3 Barb. Ch. 325. The correct practice is that the *remittitur* must be filed in the court below under an order making the *remittitur* the judgment or order of the court below; and a *postea* judgment adjudicating in consonance with the *remittitur*, and, furthermore, adjudging the amount of costs taxed, must be annexed. See 2 Abb. New Pr. 1035; *Wilkins* v. *Earle*, 46 N. Y. 358; *Rubber Co.* v. *Babcock*, 1 Abb. Pr. 267. This not having been done, apparently, with respect to the *remittitur*, (produced as an undetermined record of the court of appeals,) the suit was commenced prematurely. In my opinion, therefore, the judgment appealed from should be reversed, with costs.