1375–1383 Broadway Corporation, Plaintiff, *v.* James Filler and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, November 15, 1933.

*Mortimer Lanzit* [*Andrew W. Fribourg* of counsel], for the plaintiff.
*Murray Winkler*, for the defendant.

Genung, J.    Plaintiff, as landlord, leased to defendants Filler, Sanborn, Eisenman and Lily-Maid Dress Corporation certain premises for a term commencing February 1, 1932, and expiring January 31, 1935, at an annual rental of $3,500, payable in equal monthly installments in advance.    The tenants also agreed to pay for electric current and water consumed in the demised premises. The lease also granted permission to the tenants to sublet the premises upon compliance with certain conditions, including the consent of the landlord, and the continuance of liability of the original tenants on the covenants in the lease.    Thereafter on February 27, 1932, the Lily-Maid Dress Corporation made a lease of said premises to Splendid Frocks, Inc., for the period from March 1, 1932, to January 31, 1935, at the same rental and upon the same conditions and covenants as in the original lease, and obtained the landlord's consent thereto.

Default having been made in the payment of the July rent, the landlord instituted summary proceedings against " Lily-Maid Dress Corp., Tenant, Splendid Modes, Inc., Undertenant," and the precept was duly served on the " tenant " and " undertenant." On August 5, 1932, a final order was signed in that proceeding and a warrant issued and executed on August 16, 1932.    Thereafter in August, 1932, the plaintiff leased said premises to the Rubin-Richter Company at the said rental for a term beginning February 1, 1933, and ending January 31, 1935, although it went into possession in August or September, 1932, free of rent.

Plaintiff now sues its original tenants and Splendid Modes, Inc.

(formerly Splendid Frocks, Inc.), for rent for the months of July, August and September, 1932, and for water and electricity consumed between March 4, 1932, and August 16, 1932. Defendants urge that the act of plaintiff in leasing the premises to Rubin-Richter, Inc., released them from any liability on the lease.

Splendid Modes, Inc., has defaulted so that the question whether it was a subtenant or assignee (*Gillette Bros.* v. *Aristocrat Restaurant,* 239 N. Y. 87) is immaterial.

The adjudication in the summary proceeding is binding as to the corporate lessee, and while ordinarily one of several colessees cannot surrender the premises without the consent of the other lessees so as to affect them (See *Williams* v. *Vanderbilt,* 145 Ill. 238; 34 N. E. 476; *Hooks* v. *Forst,* 165 Penn. St. 238; 30 Atl. 846), the entry by the landlord pursuant to the final order and warrant did not constitute a tortious eviction (*McCarty* v. *Hudsons,* 24 Wend. 291).

The lease provides: " In the event of re-entry or of termination of this lease by summary proceedings or otherwise, whether or not the premises be re-let," the tenant shall pay the rent reserved, " less the avails of re-letting," as the same becomes due on the rent days specified in the lease. It also provides that " the words ' re-enter ' and ' re-entry ' * * * are not restricted to their technical legal meaning."

To constitute a surrender by operation of law, there must be an abandonment by the tenant together with an acceptance by the landlord of such abandonment as a surrender. Ordinarily the act of the landlord in putting a new tenant in possession of the premises might be deemed an acceptance (*Dagett* v. *Champney,* 122 App. Div. 254); but in the instant case, the landlord by reletting only exercised a right given it by the very terms of the lease. Its " re-entry " was in compliance with the final order and the terms of the lease.

Judgment is accordingly awarded to plaintiff for the amount claimed.