## ANDERSON vs. HITCHCOCK.

MOTION for leave to prosecute the sureties of the sheriff of Allegany for not returning an execution. A rule to return the execution was duly entered, and notice served on may be by affidavit, that the sheriff is individually unable to respond in damages for the default or misconduct alleged against him.

The bond of a sheriff will not be ordered to be put in suit until it be shewn, which

NEW-YORK,
May, 1829.

Rayner
v.
Dyett.

the sheriff. He having neglected to comply with the requisitions of the rule, this motion was made.

*By the Court,* SUTHERLAND, J.   By the act of April 12th, 1827, the court are authorized to order the bond of the sheriff to be put in suit on the application of any party aggrieved, without requiring that a previous recovery shall have been had against the sheriff.   It is left to the discretion of the court whether they will direct a prosecution on the bond. By the act of 1813, the court were empowered to order the bond of the sheriff to be put in suit for any default or misconduct in his office *after* a recovery against him.   Now such order may be made *anterior* to such recovery.   It is no longer necessary to shew a recovery ; but in the exercise of a sound discretion, the court are of opinion that before directing a prosecution of the bond by which the sureties of the sheriff are to be put to trouble and expense, it should be shewn to the court, which may be done by affidavit, that the sheriff is individually unable to respond in damages for the default or misconduct alleged against him.   This not being shewn in this case, the motion is denied.