## Mosher *vs.* Lawrence and Westcott.

A justice of the peace has the same power to allow amendments in cases pending before him which is possessed by courts of record.

Where the plaintiff in a justice's court declared on a special agreement as a parol writing, which, when produced on the trial, turned out to be under the hands and seals of the parties; *held* a variance which was amendable, and that it might be disregarded by the justice.

A material variance between an instrument as set out in the declaration and as produced on the trial, will not be regarded as error, unless objected to when the paper is offered in evidence.

Error to the Saratoga common pleas. Lawrence and Westcott sued Mosher before a justice, and declared upon an instrument in writing by which the defendant agreed to assign to the plaintiffs a certain lease, and to procure the discharge of a mortgage which was a lien upon the demised premises. The declaration was in writing, and set out a copy of the instrument, adding the signatures, but without any statement, or any thing connected with the signatures to indicate that it was under seal. The defendant pleaded the general issue. On the trial the instrument was produced in evidence *under the hands and seals of the parties.* An important qualification of the defendant's covenant which was contained in the original was omitted in the copy set out in the declaration. The defendant objected to the admission of the instrument on account of its being under seal, but did not mention the other variance. The plaintiffs offered to consent to an adjournment to avoid any prejudice the defendant might suffer on account of surprise, but he declined the offer and insisted on the objection. The justice however decided to admit the instrument, and the trial proceeded and resulted in a judgment for the plaintiffs, which was affirmed by the common pleas on *certiorari.*

*W. H. Merritt,* for the plaintiff in error.

*A. Bockes,* for the defendants in error.

Mosher *v.* Lawrence.

*By the Court,* JEWETT, J.   The plaintiffs declared upon a simple contract in writing, purporting to set it out in *hæc verba.* On the trial they offered to give in evidence a contract made by the parties under their hands and *seals*—a specialty. This evidence was objected to by the defendant on that ground. The justice overruled the objection and admitted the evidence.

Upon general principles, I think it is obvious that the justice erred.  A specialty cannot be given in evidence as the foundation of an action of assumpsit, upon a simple contract.   The variance changes the nature of the writing, so as to render the one set out a different contract, in legal contemplation, from that received in evidence.  (*Cowen & Hill's Notes,* 518, *note* 407.)

It is however insisted, that the declaration was amendable after verdict under the provisions of 2 *R. S.* 406, § 79 ; *Id.* 424, §§ 1, 7, 8.  (*See Mappa* v. *Pease,* 15 *Wend.* 669.)  If amendable, it is contended that the justice, upon the trial, was bound to disregard the variance, unless it was calculated to surprise and mislead the defendant, and to prevent his making due preparation for a full answer on the merits.   It is evident that the variance was not calculated to produce that effect, and that the defendant was not in fact surprised or misled.   This sufficiently appears from the circumstance that after the variance was discovered an adjournment was offered him which he declined.

That courts of record have the power to allow such amendments there can be no doubt.   And I think the like power is conferred by statute on justices' courts.   The statute relating to the jurisdiction of these courts provides that where no special provision is otherwise made by law, such court shall be vested with all the necessary powers which are possessed by courts of record in this state.  (2 *R. S.* 225, § 1.)  The provision concerning amendments in civil cases confers the power on the court in which any action shall be pending, to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein.  (2 *R. S.* 424, § 1.)  It is also enacted that no judgment, after verdict,

Mosher *v.* Lawrence.

shall be·stayed or reversed, impaired or in any way affected by reason of certain enumerated omissions, imperfections, defects and variances therein ; (*Id.* § 7 ;). and also that such omissions as are in the preceding section enumerated, *and all others of a like nature*, not being against the right and justice of the matter of the suit and not altering the issue between the parties, or the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error. (§ 8.) And this provision is declared to extend to all actions in courts of law. (§ 10.) This court held that the justices' courts possess the same power on the subject of amendments as courts of record. (*Brace* v. *Benson,* 10 *Wend.* 214.) The judges of the common pleas, when reviewing justices' judgments on *certiorari,* are required to give judgment in the case, as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits. (2 *R. S.* 257, § 181.)

I am of opinion, therefore, that the defect in the declaration was such as the justice's court had ample power to amend before verdict ; and that on the trial it might well disregard the variance.

It is also insisted here that there was a variance between the agreement declared on and the one given in evidence, in the omission in the former, as set out, of the qualification annexed to the defendant's covenant. It is enough to say in answer to this objection, that it was not raised before the justice, and if it had been the declaration might have been amended. It cannot avail the party here. (*Whitney* v. *Sutton,* 10 *Wend.* 411.)

Judgment affirmed.