ANDREW WARREN, et. al., Plaintiffs in Error,

*vs.*

ENOCH BEAN, Defendant in Error.

ERROR TO PORTAGE CIRCUIT COURT.

In an action upon an agreement, containing mutual and dependent covenants, it is necessary for the plaintiff to aver in his declaration, performance on his part; or to set forth, in excuse for non performance, facts and circumstances which would operate as a waiver of such performance by the defendant.

Where, in an action of covenant, the plaintiff alleges performance on his part, upon which issue is joined, proof of facts and circumstancs in excuse of performance are inadmissible; such proof does not conform to the declaration.

The proofs, upon the trial, should conform to the allegations of the declaration, and be pertinent to the issue joined.

Where a party contracts to perform certain work or labor in a specified manner, and by a specified time, the *time* is as much the essence of the contract, as the *manner* in which the work or labor is to be performed.

This was an action of covenant brought by the defendant in in error against the plaintiffs in error, in the Circuit Court, upon a certain agreement entered into between said parties on the 15th day of December, 1851, in and by which the plaintiff below undertook and agreed to perform certain labor in and about enlarging the slide and improving the capacity of the same for running lumber at Big Bull Falls, on the Wisconsin River, according to the specifications and descriptive details in said agreement contained at large, " during the present winter months, and to complete the same in time for the first water of the coming spring,"—" all for the price or sum of two hundred thousand feet of pine lumber, one-fourth clear stuff, to be delivered to said Bean on the full and perfect completion of the aforesaid job, according to the stipulations of this article of agreement."

The declaration was in the usual form; and averred performance on the part of the plaintiff, of the conditions and covenants of the agreement on his part and behalf to be performed, filled and kept., &c.

The plea was *non est factum*, with notice of the non-performance on the part of the plaintiff, &c.

Upon the trial of the cause in the court below, the plaintiff introduced the written agreement upon which he had declared; and also a witness, Norman Upson, who testified that he knew the parties—had heard the contract read, and that the plaintiff performed the work very near. He built the pier larger, and put in longer fingers. He widened out the slide and put in timbers. The first year he commenced the slide and didn't get it done. He commenced in the fall or winter of 1851. The next fall he finished it.

The witness then testified as follows: (under objections on the part of the defendants, which were overruled by the court,) "Mr. Goodrich (one of the defendants) was present in the fall or winter of 1852, and said he accepted the work, (wing dam completed in the winter of 1853.") Cross-examined: —"The plaintiff did not make the wing dam the first year, the defendant, Goodrich, telling plaintiff he did not want the dam in, as it would turn too much water on the slide. Lumber was worth $6 per M. at the time. Heard defendant Warren say plaintiff should have his pay. This was in the fall of 1852. Each said they would pay him. They didn't do it."

The plaintiff thereupon rested, and the defendant moved a nonsuit; because,

1st. The plaintiff shows a non-performance of the contract on his part.

2d. There was no evidence of a demand of the lumber, or notice that the work was done and a refusal to deliver.

Which motion was denied by the court, and the defendants excepted.

When the cause was submitted to the jury, the defendants moved the court to charge the jury,—"that if they find from

the evidence that the said plaintiff did not perform the contract at the time and in the manner specified therein, they must find for the defendant;" which charge was refused by the court, and the defendants excepted. The defendants further moved the court to charge the jury—" that if the jury find the time of the performance of the contract was enlarged, the plaintiff cannot recover upon the original contract, but upon the contract as enlarged, and hence cannot recover in this case:" which the court refused, and the defendants excepted. And the Judge did charge and instruct the said jury— " that the fact alone that the plaintiff has not performed within the time specified in the contract, is no reason why he should not recover in this action, unless there was a parol enlargement of the contract:" to which ruling and charge the defendants also excepted.

Under this charge the jury found for the plaintiff.

*Ed. S. Bragg,* for the plaintiffs in error.

In an action of covenant, when there is a condition precedent, and performance is averred, the plaintiff must prove performance as alleged, or he must fail in that action. This principle is so well settled as to need no citation of authorities in its support.

In the case at bar, performance was a condition precedent to a right of action upon the covenant; but from the plaintiffs own showing, the work was not completed until the fall of 1852. The evidence tending to show that the work was accepted by Goodrich, one of the defendants, was inadmissible under the declaration. Having averred performance, he could not show in proof an excuse for non-performance. 1 Kernan, 23, and cases cited. Besides, a demand for the lumber was necessary before suit brought. This demand should have been made where the lumber was—at the usual place of business of the defendants, unless upon an unqualified refusal on demand being made elsewhere. 5 Cow., 516; 20 Wend., 196; 2 Denio, 145, and cases cited.

*Hanchett*, for defendant in error, contended that, whether time is material in a contract, is to be determined from the acts and dealings of the parties as well as from the terms of the contract. In this case the proof shows that the defendants did not insist on the entire performance within the time limited in the contract.

*By the Court*, COLE J. We are clearly of the opinion that a new trial must be granted in this case. The plaintiff below and defendant in error here, brought an action of covenant upon a contract under seal, in which on his part he had agreed to do certain work at the Big Bull Falls, on the Wisconsin River; such as blasting out rock in and along the channel of the river, and putting in and enlarging a slide at that place, and to receive as consideration therefor the price and sum of two hundred thousand feet of pine lumber, of a certain quality, to be delivered to him by the defendant below, (and others) on the full completion of the work according to the stipulations of the agreement The plaintiff, in the language of the contract, was to perform the work during the present winter months, and to complete the same in time for the first water of the coming spring, agreeable to and in accordance with the stipulations and conditions of this article of agreement," &c., and the article of agreement bore date, December 15th, 1851. The declaration contains one count upon the agreement, setting it out in terms, and alleges that the plaintiff had fully performed all the conditions of the contract by him to be kept and performed. Upon the trial, the plaintiff failed to show that he performed the work within the time specified in the agreement, and a motion for a nonsuit was made for this reason; but the motion was denied. There was evidence showing clearly that the work was not all done until the fall and winter of 1852; and also some tending to show that one of the parties to the contract, Goodrich, received the work without objection, and had requested the plaintiff

not to put in the dam in the spring of 1852, " as it would turn too much water on the slide." Some instructions were asked for by the defendant, and refused: and some instructions were given to the jury which we deem erronious; but it will not be necessary to refer to these various instructions with more particularity, as they will all be substantially disposed of in our observations upon the case.

Since the plaintiff's right of recovery upon the contract depended entirely upon the performance of the work, on his part, according to its conditions, it is manifest that it was essential for him to allege performance in his declaration, or set forth in excuse, facts and circumstances which would operate as a waiver by the defendants, of a performance according to its terms, and support this allegation by his evidence. This is a very familiar and well settled rule of pleadings and practice, as the following authorities among many others to the same effect, fully establish. *Kellogg et. al. vs. Nelson* 5 Wis., R., 125; 1 Ch. Pl., 325, et seq; 2 Greenl. Ev., § 235; *Porter vs. Rose,* 12 John., 208; *Moakley vs. Riggs,* 19 Id., 68; *Couch vs. Ingersoll,* 2 Pick., 292; *Pomeroy vs. Gold,* 2 Met., 500.

On an examination of this agreement, we have no kind of doubt but the plaintiff's right to recover, depended upon his performing the contract on his part according to its terms, or his showing some good excuse for not doing so. The performance of the work in a specified time, and in a certain manner, was the sole and only consideration for the agreement of the defendant to deliver the lumber. The time in which the work was to be done was a material, and might have been an all important condition of the contract. It was undoubtedly competent for the parties to waive the condition, and enlarge the time in which the contract was to be performed; and as already observed, an averment of this fact in the declaration, and evidence in support of the averment, might have shown a sufficiently good and legal reason or excuse for the non-performance as agreed upon. But as the case stood upon the pleadings, the plaintiff was required to show a full performance within the time mentioned, as that was a condition pre-

cedent to his right to recover. It has been insisted, upon the argument of the counsel for the plaintiff below, that the time in which the contract was to be performed was not material, and that the plaintiff might recover although he did not and could not show that the work was all done during the winter and following spring after the contract was made. But we do not think the contract will admit of any such construction. The consideration for the defendant's undertaking was the performance of the work according to the terms of the contract; and most certainly the time in which the work was to be done was as much a condition as the manner in which it was to be performed. It is quite true that there is a certain class of cases, such as where money is to be paid on a particular day, in which courts of equity will hold that time is not material, or of the essence of the contract so as to defeat a party's rights who fails to pay the precise day the money becomes due. But the doctrine of those cases has no application whatever to the one under consideration. Here it does not admit of doubt but that the time of doing the work was a most essential condition of the contract, and the plaintiff having averred full performance, was required to show it according to its terms. Instead of doing this, he was permitted to show that the work was completed some time after the period mentioned in the contract, and that there had been an enlargement of the time, or an acceptance of the work, and the court instructed the jury, in effect, that the establishment of these matters in evidence, entitled the plaintiff to a recovery for the contract price of the work. But it is very obvious that such testimony did not support the allegations of the declaration, and ought not to have been admitted. The parties had made up an issue upon the performance of the contract according to its terms, and the evidence should have been pertinent to the issue joined. It might work the greatest injustice to permit a party, after having averred an actual performance of a condition precedent, to come in and show some excuse for, or waiver of, the condition precedent. No notice was given to the defendant by the pleadings that any such evidence would be offered,

and it was clearly inadmissible, under the allegations of the declaration. *Little et al. vs. Holland*, 3 T. R., 590; *Phillips vs. Reon*, 8 John., 392; *Freeman vs. Adams*, 9 Id., 115; *Hasbrouck vs. Tappen*, 15 Id., 204; *Judd vs. Schroppell*, 4 Cow., 566; *Crandall vs. Clark*, 7 Barb., S. C. R,, 169; *Baldwin vs. Munn*, 2 Wend., 299; *Oakley vs. Morton*, 1 Ker., 25; 1 Ch. Pl., 326; are strictly in point upon this question, and are entirely conclusive of the law upon this subject. The plaintiff should have framed his declaration so as to have met his evidence. The judgment of the Circuit Court is reversed, and a new trial ordered.