Bigelow agt. Dunn.

## SUPREME COURT.

HENRY BIGELOW, appellant, agt. PETER DUNN, respondent.

A *justice of the peace* has the power and may *amend a complaint*, at any time before trial, by substituting one form of action for another.

*Erie General Term, September,* 1868.

*Before* DANIELS, MARVIN, DAVIS *and* BARKER, *Justices.*

APPEAL from judgment of Wyoming county court, reversing a judgment recovered by the plaintiff before a justice of the peace.

E. E. HARDING, *for appellant.*
R. OLNEY, *for respondent.*

*By the court,* DANIELS, J. Upon the return of the summons, when the parties appeared before the justice, the plaintiff complained of the defendant for inducing him to purchase an ox, by means of certain alleged, false and fraudulent representations. When the parties again appeared before the justice, the plaintiff asked leave to amend his complaint, by changing it from an action for fraudulent representations to an action for a breach of warranty. And that change the justice allowed to be made, notwithstanding the objection of the defendant. If the justice had no power to allow this change to be made, that of itself, furnished a sufficient reason for the reversal of the judgment afterwards rendered by the justice.

The application for the amendment of the complaint, was made upon the adjourned day, before the trial of the cause had been commenced. This circumstance is a very important one, because it distinguishes this case from those of *Ransom* agt. *Wetmore* (39 *Barb.* 104), *Whitcomb* agt. *Hungerford* (42 *Barb.* 177), and *Walter* agt. *Bennett* (16 *N. Y. R.* 250). After the trial of a cause has been commenced, the

power of courts over the amendment of the pleadings is of a very limited and restricted character. But before the trial has begun, it is as complete and ample as the nature of the case, and the proper administration of justice can well require it to be. Then in courts of record the pleadings upon special motion made for that purpose, may be changed and amended in all respects, as the nature of the action in which they are made, may properly require them to be. And this power under the former, as well as the present system of practice, has been possessed in common with those courts, by the courts of justices of the peace. (*Brace agt. Benson*, 10 *Wend.* 214; *Mosher agt. Lawrence*, 4 *Denio*, 419; *Colvin agt. Cowdin*, 15 *Wend.* 557; *Troy and Boston Railroad Co. agt. Tibbits*, 11 *How.* 168; *Doughty agt. Crozier*, 9 *Abb.* 411.)

Instead of being restricted, it has been enlarged, and rendered more comprehensive by the very general provision contained in the Code upon this subject. By that provision it is declared, that pleadings may be amended at any time before the trial, when substantial justice will be promoted by the amendment (§ 64, sub. 11). So far as this subdivision relates to amendments before the trial, it is unqualified and unrestricted, except that the power must be exercised for the promotion of substantial justice. In that state of the case it is broad enough to allow the complaint to be so amended, as to change it from one to a different form of action. There is greater need of such a power in justices' courts, than there is in courts of record, for mistakes are more liable to be made in them requiring the exercise of it than they are where the pleadings are carefully prepared by those who are accustomed to draw them. Many cases must arise where the absence of such authority would be productive of very great inconvenience, as well as positive injustice. The power is essential to the complete administration of justice, and under the general language of the Code upon the subject, there is no good reason for supposing that justices'

courts were not designed to possess and exercise it. The denial of it would be unjust to the plaintiff, without being productive of any benefit to the defendant. Many cases occur in these courts, where from ignorance or inadvertence, a form of complaint is adopted that is entirely inappropriate to the merits of the plaintiff's right of action, in which without such authority for the correction of the mistake the party affected by, it would be compelled to discontinue and commence a new suit. In some cases of that kind the cause of action itself might be in the meantime, extinguished by means of the statute of limitations, while in all, it would be the occasion for unnecessary vexation, delay and expense. There is no good ground for supposing, after the very general provision made for amendments before the trial, that the legislature intended that parties should be exposed to losses and embarrassments of this nature on account of a mere mistake in pleading. No difficulty can be found in the way of the exercise of this authority. For the defendant can be fully protected by requiring the plaintiff to consent to an adjournment as a condition of the amendment, and by the justice imposing such terms upon him by way of costs as will re-imburse the expenditures made by the defendant in preparing for the trial of the action. In any view that can be taken of this subject, the justice was right in allowing the complaint to be amended.

The evidence was sufficient to justify the conclusion, as a matter of fact, that the defendant warranted the ox. The defendant represented him to be a good one, and that he would do the plaintiff a good summer's work. And it was for the justice to decide, under all the circumstances of the case, whether this was intended and accepted as a warranty (1 *Wait's Law and Practice*, 518–521, *and cases cited*). Upon this requiring the justice found for the plaintiff, and the court upon appeal, could not properly reverse the judgment because it differed from him as to the mere force of the evidence. The judgment of the justice was right under his views of the

evidence, and it should not have been reversed by the county court. The judgment of that court should, therefore, be reversed, and that of the justice affirmed.