HENRY HILL, APPELLANT, *v.* JAMES AND JOHN MELLON, RESPONDENTS.

*Appeal from Polk County.*

VARIANCE.—Variance to be material, must have misled the adverse party to his prejudice.

IDEM.—When misled, proof thereof must be made to the court below in order for a party to avail himself of the provisions of section 94 of the Code.

THIS action was originally brought in justices' court, Multnomah precinct, in Polk County, by Hill, to recover $150, the value of a horse from the Mellons. The defendant James answered, admitting an indebtedness, but claimed an indebtedness from plaintiff on open mutual account of $214.80, over and above the $150, claimed by plaintiff. The cause was only tried upon the issues presented, and judgment rendered for defendants.

Plaintiff appealed to the circuit court, when referee was appointed to take the testimony and report the law and the facts. Report submitted at the April term, 1870, with judgment for defendant, in the sum of $31.33. Objections were filed, and after argument, the court below modified the judgment of the referee, and reduced the same to $11.23. Plaintiff appeals to this court.

*P. C. Sullivan,* for appellants. No appearance for respondents.

Hill *v*. Mellon.

McARTHUR, J.   It is insisted by appellant's counsel, that there was a total failure of proof in this cause in the court below, or, at least, that there was a fatal variance between the allegations in the answer, and the proofs submitted. The facts are here in the shape of a statement annexed to the record of the judgment.   Section 96 of the Code, sets forth what is deemed to be a failure of proof, and the evident meaning of the section is, that, if the proof falls within the scope and meaning of the allegations, variance in some particulars only is not to be regarded as fatal.

It requires no very critical or careful examination of the record and the statement to ascertain that the charge of total failure of proof cannot be maintained.   There may, however, have been a variance between the allegations and the proofs, though whether that variance can be considered fatal, or even material, is questionable.   The first clause of section 94 of the Code, provides, that "no variance between the allegations in a pleading, and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."   And the same section further provides that "whenever it shall be alleged that the party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and thereupon, the court may order the pleadings to be amended upon such terms as shall be just."   A party failing to take advantage of the law in these particulars at the proper time and in the proper place in the court below, is himself at fault.   The appellant made no application to the court below to enforce the statutory provisions existing in his favor, and it would certainly be a very novel position to assume it to be the duty of the court to apply these provisions, unless moved so to do by the party to whose advantage they would inure.   Had an application been made and improperly refused, it would have been error; such, however, was not the case.   We are clearly of the opinion that over this matter as presented in this case, this court cannot exercise supervisory control.