MITCHELL v. BUNN, survivor, etc., appellant.

*Pleading — amendment of — power of court to allow.*

Where the propriety of setting up a counter-claim first appeared upon a trial before a referee; *held*, that the defendant might, after the trial was suspended by an order staying proceedings, apply to the special term, on motion, and obtain an order permitting him to amend his answer by setting up that defense.

APPEAL from an order denying leave to amend answer. The action being on trial before a referee, the defendant obtained an order staying proceedings, and to show cause why he should not have leave to amend his answer by setting up a counter-claim. The motion was heard before Mr. Justice INGRAHAM, who denied the motion, and indorsed as his opinion on the papers: "The proposed amendment of the answer cannot be made without making a new issue, and then rendering all proceedings on the reference void. Nor is it proper, after commencing the trial, to amend an answer by adding a new defense. 13 Abb. 207; 18 How. Pr. 506, Code, § 173." From this order, denying leave so to amend, this appeal is taken. The other material facts appear in the opinion.

*Ten Broeck & Van Orden*, for appellants. Leave was denied on the ground of want of power, and an appeal lies. 34 Barb. 553; 20 N. Y. 81; 12 Abb. Pr. 16; 3 Wend. 366. The order affects a substantial right. 22 Barb. 164. A motion may be made at special term, and trial suspended. 53 Barb. 525. Also cited 20 N. Y. 81; 14 East, 395; 50 Barb. 110.

*Edwards & Odell*, for respondents. The motion was not denied for want of power. *Ford* v. *Ford*, 53 Barb. 525. It was discretionary and not appealable. 13 Abb. 268; 19 How. 233; 23 N. Y. 357; 19 id. 439; 38 id. 206. The amendment sought constituted an entirely new cause of action or defense, and it was not proper on the trial to grant it. *Ford* v. *Ford*, 53 Barb. 530; 39 id. 104.

DANIELS, J. It appears, by the papers before the court, that the propriety of setting up the counter-claim first appeared during the taking of the evidence on the trial before the referee. The defendant thereupon, without unreasonable delay, applied for leave to

Mitchell v. Bunn.

amend his answer by alleging that defense; and the court seems to have denied the motion on the ground of want of power to permit the amendment after the trial had commenced. Such a restriction does exist on the power of the tribunal before which the trial is progressing. For that reason the referee could allow no such amendment. Neither could the circuit before which an action was upon trial. Before those tribunals the power of amendment is limited by the Code to simple matters of variance.

But when the trial is suspended, and the party applies to the special term upon motion, a very different rule is applicable. Then, by the express provisions of the Code, the court may allow a pleading to be amended by inserting other allegations material to the case, and, by means of a supplemental complaint, answer or reply, allow facts material to the case to be alleged, occurring after the former complaint, answer or reply, or of which the party was ignorant when his former pleading was made. Code, §§ 173–177. This latter provision, by its express terms, includes a case like the present one. It is a general unrestricted authority, not required to be exercised at any particular period, or in any designated condition of the action. But the courts are left at full liberty to use and apply it in all stages of the proceedings, as right and justice may appear to require. There is nothing in the fact that a trial has been commenced which should induce the refusal to make use of this authority for the purpose of amending the pleadings, even though a new issue may be formed, when justice requires that to be done.

Nothing is contained in the cases cited holding that such a change cannot be made on special motion. They simply deny the power of the tribunal before which the trial may be at the time proceeding to allow such amendments of the pleadings (*Bank* v. *Mott*, 18 How. 506; *Bigelow* v. *Dunn*, 53 Barb. 570); while on special motion made for that purpose, amendments have been allowed permitting new causes of action and new defenses to be set forth in the pleadings (*Ford* v. *Ford*, 53 Barb. 525; *Cocks* v. *Radford*, 13 Abb. 207), and the amendment may be allowed in that manner after the action has been referred. *Beardsley* v. *Stover*, 7 How. 294. There is nothing in the nature of the proceeding after a trial has been commenced inconsistent with the exercise of this power, in a proper case, during its progress. Of course, a very strong case should be required, free from all laches on the part of the moving party, to justify such interference during the progress of the trial;

but ·when that is shown, and justice appears to require it, the amendment should be allowed to be made on such terms as will constitute a fair indemnity to the adverse party. The existence of such a power is indispensable to the proper administration of justice, and it has not been uncommon to exercise it when the emergency appeared to justify it.

The order should be reversed and an order entered allowing the counter-claim to be set forth by means of a supplemental answer on condition that the same be served within ten days after notice of the order to be entered, and that the defendant pay the plaintiff a trial fee for the trial already commenced, and $10 costs of opposing this motion, and stipulating that the evidence already taken shall be applicable to the case as it may be changed by the allegations of the counter-claim. In case of a failure to comply with these terms within such time, then the motion will be denied, with $10 costs of this appeal, besides the disbursements made therein.

DAVIS, P. J., and DONOHUE, J., concurred.

*Ordered accordingly.*