## WILLIAM GILMORE, APPELLANT, v. SOPHRONIUS BARNETT, RESPONDENT.

*Action in justice's court — what amendments not allowed after issue joined, and in the absence of the defendant — when an execution against the person is properly set aside.*

The plaintiff, on commencing an action in a justices' court, procured a short summons against the defendant, a non-resident, on an affidavit stating that the action was on a contract. Before the return day the parties appeared, and the plaintiff declared on contract for cattle sold, and the defendant denied the allegations of the complaint. The case was adjourned, and on the adjourned day the defendant did not appear. The plaintiff then amended the complaint, declared in tort for the conversion of the cattle, recovered a judgment, filed and docketed a transcript thereof, and issued thereon an execution against the person of the defendant.

*Held*, that the amendment should not have been allowed, and that the execution was properly vacated and set aside by the county court on motion.

APPEAL from an order of the County Court of the county of Chenango, setting aside, vacating and declaring null and void and unauthorized an execution against the person of the defendant.

On the 15th day of June, 1876, the plaintiff, William Gilmore, was a resident of Broome county, N. Y., and on the same day the defendant was a resident of the county of Chenanago, N. Y. On said 15th day of June, 1876, the defendant, Barnett, being in the

city of Binghamton, Broome county, N. Y., the plaintiff, Gilmore, commenced an action against him by short summons, before a justice of the peace of the said city, on an affidavit stating that the defendant was a non-resident of Broome county, and that the plaintiff had a cause of action against him *on contract.*

On the same day the parties appeared before the justice and joined issue in the action. The plaintiff complained in an action on contract, and stated that the cause of action was to recover for the sale of cattle, the entry on the docket of the justice being as follows, viz. : "*June 15, parties appeared ; plaintiff in person complains that defendant is indebted to him ; defendant in person denies complaint. Adjourned by consent to July 10th, 1 P. M.*"

On the adjourned day the defendant did not appear, but the plaintiff appeared in person by B. S. Curran, and filed an amended complaint in tort for the conversion of the stock and of the avails thereof. William Gilmore, the plaintiff, was sworn, and the justice rendered judgment in his favor for the sum of $44.20 damages and $2.20 costs.

All of these proceedings on the adjourned day were had in the absence of defendant, who did not appear.

July 19, 1879, a transcript of the judgment was filed and said judgment docketed in the county clerk's office where the defendant resided, and thereafter and on the 30th day of July, 1879, an execution was issued thereon against his person.

From the order setting aside this execution this appeal was taken.

*Cumming & Hand*, for the appellant.

*George W. Ray*, for the respondent.

LEARNED, P. J. :

The plaintiff commenced an action against the defendant, a non-resident of the county, in a justice's court, by a short summons, obtained on an affidavit stating that he had a cause of action against the defendant on contract. Before the return day the parties appeared, and the plaintiff declared on contract, and the defendant denied. The cause was adjourned, and on the day of adjournment the defendant did not appear. The plaintiff then filed an amended complaint and declared in tort for conversion of

cattle. The plaintiff gave testimony in his own behalf, and the justice rendered a judgment against the defendant in tort. The judgment transcript was filed ; the judgment docketed, and an examination against the person issued. The execution was set aside by the county court, and the plaintiff appeals.

The plaintiff insists that the justice had jurisdiction, and that if the judgment was erroneous it cannot be attacked collaterally. (*Hallock* v. *Dominy*, 69 N. Y., 238.) But to move in an action to set aside an execution issued therein is a direct, and not a collateral attack. The county court had control of its own process. The question here is not whether the process would not have protected the officer acting under it, but whether it was in fact properly issued.

The defendant was notified by the fact of the issue of a short summons that the action was on contract. He was also notified of this by the complaint made against him at the joining of issue. Trusting to this he might well have neglected to appear at the day of adjournment.

It is true that section 64, subdivision 11 (Old Code), permits amendments, " when substantial justice will be promoted." But substantial justice is violated when a defendant, sued on contract and joining issue on contract, is, in his absence, made defendant in an action on tort. In the case of *Bigelow* v. *Dunn* (53 Barb., 570), the parties were present when the plaintiff was permitted to amend a complaint on fraudulent representations by making it an action on warranty.

In higher courts, when a pleading is amended, a copy must be served on the other party, that he may know what his opponent's allegations are. (Code of Civ. Proc., 543.) By analogy, in a justice's court no amendment changing the nature of the cause of action should be permitted in the absence of the other party, after issue has been joined.

The order of the county judge should be affirmed, with ten dollars costs and printing disbursements.

Present—LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order of the county court affirmed, with ten dollars costs and printing disbursements.