JOHN JOHNSON *vs.* HENRY N. AVERY.

October 14, 1889.

Upon an examination of the record in this case, it is held that there were no errors committed by the court below upon the trial.

Plaintiff brought this action in the municipal court of Minneapolis to recover $164.80 for services and expenses under a special contract, and for money paid to other servants of defendant at his request. In his answer the defendant traversed the averments of the complaint, and, for a counterclaim, alleged that he hired plaintiff to sow and plant in oats, to be furnished by defendant, 260 acres of land, part of defendant's farm, sowing three bushels to the acre; that he accordingly furnished plaintiff with 1,000 bushels of oats, but plaintiff sowed only 180 acres of the land, using but 540 bushels, and converted the residue to his own use. Damages for the conversion of the oats, and for loss of crop on the 80 acres not sown, are laid at $1,030, and judgment is demanded for $450. In the reply the plaintiff alleged that but 711 bushels of oats were furnished him, and these were to be and were used in sowing on the farm and feeding defend-

ant's stock thereon. Plaintiff had a verdict, and the defendant appeals from an order refusing a new trial. '

*Thos. J. Leftwich,* for appellant.

*C. G. Van Wert* and *A. M. Merrick,* for respondent.

*By the Court.* After a careful examination of the record in this case we are unable to discover wherein the trial court erred in a single particular. But two of the errors assigned need special comment.

1. Conceding that there was a variance between one of the allegations of the complaint and the proof thereon, the defendant failed to make an objection to the testimony, and neglected to call attention to the variance until he presented his motion for a new trial. It was then too late.

2. The defendant failed to establish the counterclaim for alleged conversion, even if we consider the testimony of the grain-dealer, which was stricken out. It must not be assumed because defendant purchased a quantity of oats in Minneapolis, caused them to be shipped to a railway station near his farm in a distant part of the state, consigned to a person whose name has not been disclosed, that they went into plaintiff's possession. He admits, however, that he received several hundred sacks of the grain, and accounts for the same by showing that the greater part was used for seeding the farm, and the balance in feeding defendant's horses. This disposition was expressly authorized by defendant, and if, as a matter of fact, the latter sold the horses on the day plaintiff's contract as farm foreman terminated, it was not shown upon the trial.

Order affirmed.