### BRACE et al. v. DOBLE.

1. Appellant and respondents entered into a written contract for the purchase and sale of real estate therein described, by which, after certain cash payments had been made by appellant, he should, on receipt of a deed of the premises from respondents, execute and deliver to them a good and sufficient mortgage on such premises to secure

the balance of the purchase money, the contract being silent as to the giving of any notes, bond, or other evidence of the indebtedness in place of the contract undertaking to pay. Afterwards respondents sent a warranty deed of the premises, duly executed by them, together with four negotiable promissory notes, made payable at a particular bank, corresponding in amount and times of payment with the terms of the contract, and a mortgage to secure such notes, to a bank in Massachusetts, where appellant resided, with instructions to such bank to deliver the deed to appellant upon his execution of the four promissory notes and mortgage. *Held*, that such offer, made to appellant, did not constitute a tender of the deed, for it was subject to the condition that appellant should sign these notes, which, under the contract, he was under no obligation to sign, and execute a mortgage to secure such notes.

2. Such mortgage, expressly reciting that it was made to secure the four promissory notes referred to, was imperfect without the notes, and so to execute such mortgage, refusing to sign the notes, was not the execution of a good and sufficient mortgage, as contemplated and provided for in the contract.

3. The undisputed evidence showing that appellant had expressly refused to perform on his part, and had so notified respondents, they were excused from their obligation to tender such deed.

4. The unqualified refusal of appellant to perform, together with respondents' readiness and willingness, put respondents in the same position as to their remedy as though they had offered appellant a deed, and he had then refused to perform.

5. Where the facts showed respondents entitled to a decree requiring appellant to execute and deliver a mortgage, but it also appeared that one installment so to be secured was already past due, and the balance nearly due, it was competent for the court to consider as done what ought to have been done, and decree the amount for which such mortgage should have been given to be a lien on the premsies, and to direct a sale of the same for the payment thereof, as might and should have been done if the mortgage had been given.

(Syllabus by the Court. Opinion filed June 2, 1892.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action to compel specific performance of contract for sale of land. Judgment for plaintiffs. Defendant appeals. Affirmed.

The facts are fully stated in the opinion.

*Winsor & Kittredge*, for appellant.

A mortgage without acknowledgment is good as against the grantor. Sections 3245, 3246, 3269 and 4368, Comp. Laws; Clark v. Akers, 16 Kan. 174; Ogden v. Walters, 12 Kan. 282; Gray v.

Ulrich, 8 Kan. 112; Simpson v. Mandal, 3 Kan. 181; People v. Shark, 53 Mich. 523; *Id.* v. Marion, 29 Mich. 31, Wood v. Chapin, 13 N. Y. 509; McMahon v. McGraw, 26 Wis. 614; Quincy v. Denny, 18 Wis. 485; Chamberlain v. Sprague, 86 N. Y. 603; Wiles v. Peck, 26 N. Y. 42; Myrick v. McMillan, 13 Wis. 188; Lawry v. Williams, 13 Me. 281; Buck v. Babcock, 36 Me. 491; Dole v. Thurlow, 12 Met. 157; Work v. Willard, 13 N. H. 389; Montgomery v. Darian, 6 N. H. 250; Lessees v. Davis, 6 Pet. 124. A mortgage is valid without any note or bond. Jones on Mort. § 353.

An amended pleading becomes a substitute for the original. Kapp v. Barthau, 1 E. D. Smith, 622; Burrall v. Moore, 5 Duer, 654; Bank v. Garlinghouse, 4 How. Pr. 174; Brown v. Railroad, 18 N. Y. 495. Admissions in pleadings in one suit are entitled to very little weight against the party making them in another suit. Washington v. Webster, 68 Me. 433; Seibert v. Leonard, 21 Minn. 442; Melvin v. Whiting, 13 Pick. 184; Owens v. Dawson, 1 Wait's, 149; Banks v. Johnson, 4 J. J. March, 649; Newell v. Newell, 34 Miss. 385. The original telegraph message is the primary evidence and its contents can be shown only on proof excusing its nonproduction. Scott & Jarn on Tel. 340; Hawley v. Whipple, 48 N. H. 488; Durkee v. Railroad, 29 Vt. 127.

*McMartin & Carland,* for respondents.

The refusal of appellant to perform the contract rendered it necessary for respondents to tender him a deed. McKlevey v. Tulare, 34 Ala. 78; Waterman, Spec. Perf. 611. A deed is not executed unless acknowledged. 5 Am. & Eng. Ency. Law, 439; And. Law Dic. 429; 1 Bouvier, 553. The facts in the case at bar warrant a decree of foreclosure. Herring v. Neely, 43 Iowa, 157; Blair v. Marsh, 8 Iowa, 144; Muller v. Bloomer, 11 Iowa, 360; Merritt v. Judd, 14 Cal. 59; Kiernan v. Blackwell, 27 Ark. 235; Hartman v. Clarke, 11 Iowa, 510; Dukes v. Turner, 44 Iowa, 575; Cathgart v. Robinson, 5 Pet. 264; Ober v. Gallagher, 3 Otto, 199; Story, Eq. 64. Admissions in a pleading are evidence against the maker, subject to explanation by him. Strong v. Dwight, 11 Abb. Pr. 319; Freorson v. Loe, L. R. Chan. Div. 48; 25 Moak's Eng. Rep. 747; Fogg v. Edwards, 20 Hun, 90; Bloomingdale v. Durell, 1 Idaho, 33.

KELLAM, P. J.   In October, 1889, appellant and respondents
entered into an agreement in writing, as follows: "This con-
tract, made and entered into this 5th day of October, 1889, by and
between Percival H. Edmison and Geo. H. Brace, both of Sioux
Falls, Dakota, of the first part, and William H. Doble, of Quincy,
Norfolk county, Massachusetts, party of the second part, wit-
nesseth, that for and in consideration of the sum of thirty thou-
sand dollars, paid and to be paid to the parties of the first part
by the said party of the second part, to wit, one thousand dol-
lars at the date hereof, and the further sum of twelve thousand
five hundred dollars on the 5th day of October, 1891, also the fur-
ther sum of four thousand dollars when a good and sufficient war-
ranty deed is given to the party of the second part by the parties
of the first part to the following described land, known and de-
scribed as being the southeast quarter of section four, township
one hundred and one, range forty-nine, according to the govern-
ment survey thereof, excepting therefrom sixty acres heretofore
deeded, it being the intention of the parties of the first part to deed
one hundred acres of the above described land; it is understood
by the parties hereto that a deed may be delivered at any time
after October 15th, 1889, but must be delivered before November
15th, 1889.   When deed is delivered to party of the second part
he shall immediately execute and deliver to said first parties a
good and sufficient mortgage upon the property transferred, to
secure the sum of twenty-five thousand dollars, bearing interest
at the rate of six per cent. per annum, payable annually.   It is
understood that the above-described property is now free from
all incumbrances, except the taxes for the year 1889, which said
party of the second part assumes and agrees to pay.   It is also
understood by the parties hereto that the party of the second part
may at any time pay mortgage before maturity."   Afterwards
respondents brought this action to compel performance by appel-
lant, alleging in the complaint that appellant had paid $5,000 of
the consideration named, but refused further to perform, and
alleging tender of performance on their part, and concluding with
the following prayer: "Wherefore the plaintiffs demand judg-
ment (1) that the defendant perform said agreement, and pay to

S. D.—8.

the plaintiffs twelve thousand five hundred dollars on the 5th day of October, 1890, and twelve thousand five hundred dollars on the 5th day of October, 1891, with interest on both of said sums at six per cent. per annum from November 15, 1889, and that the defendant be compelled to execute and deliver to these plaintiffs a good and sufficient mortgage on said property described in said agreement to secure the sum of twenty-five thousand dollars, as hereinbefore described. (2) That, in case said defendant shall refuse to perform the decree of this court herein, and shall absent himself from the jurisdiction of this court, that plaintiffs may have judgment against said defendant for the said sum of twenty-five thousand dollars, with interest thereon from November 15, 1889, at six per cent. per annum; that the land herein described be condemned and sold to pay said judgment, and that plaintiffs may have judgment for any deficiency remaining unpaid after the proceeds of said land have been fully applied in payment of said judgment; and for such other and further relief as to the court may seem just and equitable." Appellant's amended answer admitted making the contract, and payment of the $5,000, but denied all other allegations of the complaint. It further alleges and sets out false and fraudulent representations on the part of the respondents in procuring said contract, with notice of rescission thereof, and pleaded the same facts as basis for a counterclaim of the said sum of $5,000.

There seems to be no dispute about the facts, which appear to be about as follows: Soon after the making of the contract, respondents executed a deed of the premises, and also filled out a mortgage and four promissory notes,—two for $6,250 each, due October 5, 1890, and two for $6,250 each, due October 5, 1891,—and sent them to the Granite National Bank of Quincy, Mass., to have the mortgage executed, and to deliver the deed on the execution of the mortgage. These papers, deed, notes, and mortgage were evidently all subsequently returned to respondents by the Quincy bank, but when, why, or under what circumstances, is not particularly shown. The notes, when so returned, were unsigned; the mortgage was signed by appellant, and witnessed by one witness; but not acknowledged. Respondents both testify that in the

spring of 1890, and prior to the commencement of this action, appellant notified them that he should not perform the contract on his part, because of the fraudulent representations under which the contract was procured. After making this proof, with some other matters not in dispute, designed to show that their deed sent to the Quincy bank, as aforesaid, would convey a good title, respondents rested. Appellant then offered evidence that the signature to the mortgage, appearing to be signed by appellant, was his genuine signature, withdrew his counterclaim, and rested. Upon this evidence, the court found, among other things, "that defendant had never executed and delivered to plaintiffs a good and sufficient mortgage upon the property agreed to be transferred by said contract set forth in plaintiffs' complaint, nor paid to plaintiffs, nor to any person for their use, any of the purchase money agreed to be paid by said contract, except the sum of $5,000," and "that there is due and owing to plaintiffs from said defendant, by virtue of said contract, the sum of $12,500, which became due on the 5th day of October, 1890, and the sum of $12,500, which became due on the 5th day of October, 1891, together with interest on each of said sums at the rate of six per cent. per annum." Upon these and other findings the court entered a judgment directing that the deed from respondents to appellant be recorded, declaring the amount so agreed to be secured by mortgage to be a lien upon the land, as though the mortgage had been duly executed, providing for a sale of the premises, and for personal judgment against appellant in case of deficiency. From this judgment, after motion for new trial had been denied, the appeal is taken.

The rights and duties of these parties spring from and must be measured by the contract. By it, did appellant promise to pay the entire consideration, or was he only to pay $5,000, and then give a mortgage for $25,000, so that respondents could not pursue him personally, and compel him to pay, but, in the event of his nonpayment, could look only to the land? While the contract is not so explicit in this respect as it ought to have been, I think it must be taken to be an undertaking by appellant to pay the entire consideration named for it, except the $1,000 paid down was "to be paid to parties of the first part by the said party of the second

part," and the contract specifically provides when it should be paid, to wit, $4,000 on delivery of deed, $12,500 one year from date of contract, and $12,500 two years therefrom. Counsel do not discuss this as a question in the case, and we assume that the contract was an obligation of appellant to pay the consideration, $25,000 of which was to be secured by a mortgage when respondents' deed should be delivered. In due time respondents sent their deed to a bank in Quincy, Mass., presumably where appellant lived, to be delivered to him when the mortgage which they had prepared, together with the four promissory notes, should be executed. The mortgage was signed in the presence of one witness, but was not acknowledged, and respondents claim that such was not a good and sufficient mortgage, but we do not think this is a material question in the case. No duty to make any mortgage devolved upon appellant until a deed was at least tendered. The only evidence tending to show such tender is that the deed was to be delivered upon the execution by appellant of the notes and mortgage prepared and forwarded by respondents to the Quincy bank. Appellant was under no obligation to execute these notes or a mortgage collateral to them. There is nothing in the contract justifying respondents in requiring four negotiable promissory notes, payable at a particular bank, nor requiring notes at all. The contract and the promise it contained was the evidence of appellant's indebtedness, and the respondents could require nothing more of the appellant than the execution of a mortgage to secure such indebtedness. Appellant might object to giving negotiable notes in the place of a non-negotiable contract, and by the contract he had not expressly or impliedly undertaken to do so. An offer to deliver the deed, upon condition that he should sign such notes and a mortgage collateral to them was not such a tender of the deed as bound him to execute any mortgage at all; so that whether this mortgage is executed so as to make it "a good and sufficient mortgage" is not necessary to decide.

If the evidence stopped here, respondents' case would certainly fail, for they had not put themselves in position to require a mortgage, because they had not performed, or offered to perform, the condition precedent thereto; but the uncontradicted evidence of

both of the respondents is that appellant absolutely refused to perform on his part,- and so expressly notified them, thus relieving them of the duty of making a tender of the deed.- Crary v. Smith, 2 N. Y. 60, Deichmann v. Deichmann, 49 Mo. 107; Brock v. Hidy, 13 Ohio St. 310; Brown v. Eaton, 21 Minn. 411; McKleroy v. Tulane, 34 Ala. 78. But appellant says that his declaring to both respondents that he would not perform, could not have the effect of undoing what he had actually done, and that he had executed a mortgage in all respects as required by his contract. The mortgage which he had executed was not collateral to nor to secure the promise in his contract, but was collateral to and to secure other promises, which respondents sought to substitute. The mortgage which he signed recited that it was made to secure the payment of four promissory notes, but he refused to make the notes. It is true that he was under no obligation to sign the notes, but that mortgage was imperfect without the notes, and signing, the mortgage in that form was not an execution of his undertaking to sign a mortgage to secure the promise in his contract. The unqualified refusal of appellant to perform, together with respondents' readiness and willingness, put respondents in the same position as to their remedy as though they had offered appellant a deed under the terms of the contract, and appellant had then refused to perform · Upon these facts respondents were entitled to a decree requiring appellant to execute and deliver a mortgage to secure the payment of the amounts, and at the times provided in the contract; but it appearing that one installment was already past due, and that the other, which constituted the entire balance, would soon be due, it was competent for the court to consider as done what ought to have been done, and decree the amount for which a mortgage should have been given to be a lien on the land, and direct a sale to pay such amount as might and should have been due if the mortgage had been given. Ogden v. Ogden, 4 Ohio St. 182. Nothing legitimate would be gained to either party by requiring appellant to execute and deliver such mortgage to respondents, that they might at once proceed to foreclose the same, with the view of subsequently bringing before the court in another action the same parties and the same subject-matter. Having properly

acquired jurisdiction of both parties and subject-matter, it was the ordinary course of equity, to prevent multiplicity of suit, to continue its active jurisdiction until full justice was done between the parties. Probert v. McDonald, 2 S. D. 495. Appellant claims that he is thus deprived of making his defense against the mortgage. The answer to this is that his defense of misrepresentation would have been just as good and available against respondents' claim for specific performance as against his mortgage, and might have been as effectually litigated in the former as well as in the latter action. Appellant's claim would be correct if he had given the mortgage called for by the contract, for then that part of the agreement would be merged in the mortgage, and the rights of the parties would have to be determined under it; but our conclusion that he had not performed the agreement to execute the mortgage provided for in the contract leaves no foundation for such a claim to rest upon. Upon the trial, the court received in evidence, against appellant's objection, his original answer in the case, verified by one of his attorneys, in which it was admitted that defendant "had refused to perform said agreement." Even if this answer should not have been admitted, the error would not justify the reversal of this judgment, for without it the evidence would have required the same judgment to be rendered. Upon the record presented we think the judgment of the court below was right, and it is affirmed. All the judges concurring.