### BRACE *et al.* v. DOBLE.

1. Where, upon the trial of a case, evidence is offered pertinent to the matter in controversy, but inadmissible because outside the issues as made by the pleadings, and such evidence is admitted and retained without objection in any form until after judgment, it is then too late to raise the question of variance.

2. A complaint alleged full performance by plaintiffs. The answer denied. On the trial plaintiffs offered evidence tending to show facts which would excuse performance by plaintiffs, which was admitted without

objection by defendant, and the case submitted, without objection or challenge of any kind, until after judgment. *Held.* it not being claimed that there was a failure of proof, that it was then too late to make the objection that the proof varied from the allegation.

3. Section 4934, Comp. Laws, seems intended to cover the whole subject of variance between proofs at the trial and the allegations of the pleadings, and provides the only way in which such a variance may be taken advantage of.

(Syllabus by the Court. Opinion filed Dec. 19, 1892.)

This case was appealed to this court by the defendant from a judgment entered in the court below decreeing a specific performance of a court for the sale of certain real estate. In an opinion filed June 2, 1892, 3 S. D. 110, 52 N. W. 586, this court affirmed the judgment of the lower court. Defendant petitions for a rehearing. Denied.

*Winsor & Kittredge,* for appellant.

Mortgages of real property may be acknowledged or proved, certified and recorded, in like manner and with the same effect as grants thereof. Sections 4368, 3245, 3246, 3269, Comp. Laws. A deed or mortgage without witnesses or acknowledgment is good as against the grantor, and passes title to the grantee. Clark v. Akers, 16 Kan. 174; Ogden v. Walters, 12 Kan. 282; Gray v. Ulrich, 8 Kan. 112; Simpson v. Mandel, 3 Kan. 181; People v. Sharp, 53 Mich. 523; *Id.* v. Marion, 29 Mich. 31; Wood v. Chapin, 13 N. Y. 509; McMahon v. McGraw, 26 Wis. 614; Quincy v. Denny, 18 Wis. 485; Chamberlain v. Sprague, 86 N. Y. 603; Wiles v. Peck, 26 N. Y. 42; Myrick v. McMillon, 13 Wis. 188. The acknowledgment constitutes no part of the execution of the instrument. It simply entitles the instrument to be placed on record. Lawry v. Williams, 13 Me. 281; Buck v. Babcock, 36 Me. 491; Dole v. Thurlow, 12 Met. 157; Wark v. Willard, 13 N. H. 389; Montgomery v. Darian, 6 N. H. 250; Lessees v. Davis, 6 Pet. 124; Orr v. Stewart, 67 Cal. 275. A mortgage is valid without any note or bond. Jones, Mort. § 353.

An amended pleading becomes a substitute for the original, which is no longer treated as a pleading in the cause. Kapp v. Barthan, 1 E. D. Smith, 622; Burrall v. Moore, 5 Duer, 654; Seneca v. Garlinghouse, 4 How. Pr. 174; Brown v. Railroad, 18 N. Y. 495;

27—S. D.

Washington v. Webster, 68 Me. 433; Seibert v. Leonard, 21 Minn. 442; Melvin v. Whiting, 13 Pick. 184; Owens v. Dawson, 1 Watts, 149; Banks v. Johnson, 4 J. J. Marsh, 649; Newell v. Newell, 34 Miss. 385. The original telegraph message is the primary evidence, and only on proof excusing its production can its contents be shown. Scott & Jar. on Tel. 340; Hawley v. Whipple, 48 N. H. 488; Durkee v. Railroad, 29 Vt. 127.

*McMartin & Carland*, for respondents.

The refusal of appellant to perform the contract rendered any tender of a deed by respondents unnecessary and allowed them to commence action at once. McKlervy v. Tulare, 34 Ala. 78; Wat. Spec. Perf. 611.

A deed or mortgage is not executed until acknowledged. 5 Am. & Eng. Ency. Law, 439; And. Law Dic. 429; 1 Bouvier, 553. A prayer for general relief in a complaint will authorize a decree of foreclosure. Herring v. Neely, 43 Iowa, 157; Ogden v. Ogden, 4 Ohio St. 182; Blair v. March, 8 Iowa, 144; Muller v. Bloomer, 11 Iowa, 360; Merritt v. Judd, 14 Cal. 59; Kiernan v. Blackwell, 27 Ark. 235; Hartman v. Clark, 11 Iowa, 510; Dukes v. Turner, 44 Iowa, 575; Cathgart v. Robinson, 5 Pet. 264; Ober v. Gallagher, 3 Otto, 199; Story, Eq. 64 K.

An allegation or admission in a pleading, though struck out by amendment, is competent evidence against the party making it, subject to explanation by him. Strong v. Dwight, 11 Abb. Pr. 319; Frearson v. Loe, L. R. Chan. Div. 48; Fogg v. Edwards, 20 Hun, 90; Bloomingdale v. Durell, 1 Idaho T. 33.

KELLAM, J. This case was decided at the last term of this court, and is reported in 52 N. W. Rep. 586, to which reference is made for the facts. It is now before us on a petition for rehearing by the appellant. The petition suggests but one point, which is not, we think, fully considered and discussed in the opinion, and that is this: The complaint alleged full performance by plaintiffs (respondents here) of their agreement to deliver deed. The answer denied. This was one of the direct issues in the case. On the trial plaintiffs offered evidence tending to show a refusal by defendant to perform on his part, which, as held in the opinion, would excuse tender of deed by plaintiffs. This evidence was re-

ceived and retained without objection.  This petition urges that as such evidence was outside of the issues raised by the pleadings, and performance by plaintiffs not having been proved, there was a fatal variance between the allegations of the complaint and the proofs, and that a judgment resting upon such evidence cannot stand.  The appellant's view as to the admissibility of this evidence under the complaint is correct, and, if this testimony had been objected to, the trial court would doubtless have declined to admit it, except under an amendment to the complaint.  Parties ought not to be compelled upon the trial to meet issues of which they have had no notice, and for which they have, consequently, made no preparation; and so, as just suggested, if defendant had objected to this evidence upon that ground, plaintiffs would have been compelled to amend their complaint or forego the evidence.  If such amendment would have introduced a new issue into the case which defendant was justifiably not prepared to try, the court would only allow the amendment upon such terms as would be just, (section 4934, Comp. Laws,) but surely the defendant could waive the objection that the evidence was not admissible under the pleadings, and he did so by consenting to its admission with no subsequent effort to have it expunged, and finally submitting the case to the court with this variant testimony unchallenged.

Defendant, however, insists that he lost nothing by failing to object to the evidence referred to, and that the variance might be taken advantage of for the first time by excepting to the court's findings of fact, and by motion for new trial; and cites Hayne on New Trials, (section 115,) where it is stated on the strength of Johnson v. Moss, 45 Cal. 518, that the defendant is not precluded from moving for a nonsuit on the ground of variance, by reason of his failure to object to the admissibility of the evidence.  We see no objection to the rule as laid down in Johnson v. Moss, though it seems out of harmony with the language of the same court in Marshall v. Ferguson, 23 Cal. 65, and in Boyce v. Stage Co., 25 Cal. 472.  We perceive no strong reason why the objection of variance may not be made at any time while the pleadings and the evidence are still pending before the court, and while the court

still has it in its power to make such disposition either of the pleadings or of the evidence as the ends of justice may require; but we think it is too late to raise the question for the first time after the court has decided the case and pronounced its judgment upon the evidence which by consent of both parties is. before it. This was the rule under the old practice. Roberts v. Graham, 6 Wall. 578; Mosher v. Lawrence, 4 Denio, 419; Whitney v. Sutton, 10 Wend. 411; Insurance Co. v. Birnbaum, (Pa. Sup.) 11 Atl. Rep. 378; Foltz v. Hardin, (Ill. Sup.) 28 N. E. Rep. 786. We do not think it is changed by any provision of our Code, and the rule is so stated by Pomeroy: "The objection that the proof varies from the allegation must be taken at the trial; if omitted then, it cannot be afterwards raised on appeal. The reason is obvious. When made at the trial, there is an opportunity for removing it at once by amendment." See, also, Johnson v. Avery, 41 Minn. 485, 43 N. W. Rep. 340. Our statute (section 4934, *supra*,) seems intended to cover the whole subject of variance between the proofs at the trial and the allegations of the pleadings, and provides that no variance shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense; and providing, further, that such prejudice being shown, the court may order the pleadings to be amended upon terms that shall be just. We regard this as an important provision in aid of the general purpose of the reformed practice, to facilitate the trial and decision of cases upon their real merits. If a party deem proposed evidence outside of the issues tendered by the pleadings, he should call the attention of the court to the fact, to the end that the court may either exclude such facts, or, if proper and useful to be shown for a full and fair determination of the matters in controversy, the pleadings may be amended so that such evidence will be admissible. Under a similar statute it is held in Missouri that, without such showing in the trial court, no variance can form the basis of a reversal. Ridenhour v. Railway Co. (Mo. Sup.) 14 S. W. Rep. 760. In, Hill v. Mellon, 3 Or. 542, and in Dodd v. Denny, 6 Or. 156, the court very positively asserts the same rule under a statute precisely like ours. The same statute is given the same effect in Catlin v. Gun-

ter, 11 N. Y. 368. See, also, Jenkins v. Barrows, (Iowa,) 35 N. W. Rep. 510, and Aschermann v. Best Brewing Co., 45 Wis. 267. To support their contention upon this point counsel in their petition cite two cases, (Warren v. Bean, 6 Wis. 120, and Oakley v. Morton, 11 N. Y. 25,) neither of which is applicable to this case. In both the cases cited the evidence tending to show facts excusing performance, instead of performance as pleaded, was specifically objected to, but admitted by the trial court as proper under the pleadings, against such objection. This would, of course, constitute error. The seventh finding of fact by the trial court was that the defendant refused to perform the contract on his part, and notified plaintiffs that he never would perform. This finding we think was supported by the evidence properly before the court, and although, as we attempted to show in the original opinion, the court's finding that plaintiffs had fully performed on their part was not supported by the evidence, such finding was not essential to support the judgment, in view of the seventh finding.

The petition for rehearing is denied.